**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**NANCY HILL**                                                                                           **PLAINTIFF**

**VS.**                                         **2:07CV00050-WRW**

**HARTFORD LIFE & ACCIDENT
INSURANCE COMPANY**                                                                **DEFENDANT**

**<u>ORDER</u>**

Pending is Defendant's Motion to Dismiss,[1] to which Plaintiff has responded.[2]

Plaintiff filed a Complaint[3] in Cross County Circuit Court alleging that she is entitled to long-term and short-term disability benefits under a plan provided by her employer, Wal-Mart, and insured by Defendant. The case was removed.[4]

**I. Background**

In 1990, Defendant issued an employee disability policy to Wal-Mart.[5] Defendant's plan outlines a procedure for filing and appealing disability claims.[6] Under the plan, Defendant may extend the time for a final decision as long as the beneficiary is given notice and a reasonable explanation. In this case, Defendant extended review of Plaintiff's claim because

---

[1]Doc. No. 4.

[2]Doc. No. 8.

[3]Doc. No. 2.

[4]Doc. No. 1.

[5]Doc. No. 4, Ex. 1.

[6]*Id.*

1

medical records from Drs. McKee, South, Birch, Garner, Jiu, and Pocsine had not been received or reviewed. These records were necessary to thoroughly evaluate the medical basis for Plaintiff's claimed impairments.[7] Defendant informed Plaintiff of its decision and explained that the evaluation would not begin until additional medical records were submitted. Plaintiff was also told that, if no additional information was received, a final decision would be made in April 2007.[8]

Instead of waiting on Defendant's decision, Plaintiff filed this action. Defendant asks that Plaintiff's case be either dismissed without prejudice or remanded for final administrative review. Plaintiff objects to a dismissal, but agrees that this case should be stayed and remanded.

**II. Authority**

ERISA[9] broadly preempts state laws that relate to employee benefit plans.[10] Moreover, federal courts have exclusive jurisdiction over actions brought to enforce the terms of ERISA plans.[11]

Because Plaintiff is making a claim against her employee disability plan, she cannot find redress in state court, and she cannot bring suit in federal court until she has exhausted all available procedures.

---

[7]*Id.*

[8]*Id.*

[9]Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461.

[10]*UNUM Life Insurance of America v. Ward*, 526 U.S. 358, 363 (1999) (quoting 29 U.S.C. §§ 1144(a), (b)(2)(A)).

[11]29 U.S.C. § 1132(a)(3) and (e)(1); *Southern Council of Industrial Workers v. Ford*, 83 F.3d 966, 967 (8th Cir. 1996).

ERISA does not contain a requirement that employees exhaust contractual remedies before filing suit.[12] However, federal courts have concluded that Plaintiffs must exhaust the review procedure that is set out in an ERISA plan.[13]

Exhaustion is not required if the plan does not contain such a process, or if the employee was not given notice.[14] But, if the plan contains a review procedure that complies with ERISA,[15] the employee must exhaust her claim before filing a complaint. This is so, even if a denial letter does not explicitly describe the review procedure as mandatory or as a prerequisite to suit.[16]

### III. Discussion

Defendant's plan contains a review process that complies with ERISA requirements. Plaintiff was given notice of this process and an explanation for the final determination delay. Therefore, Plaintiff was required to exhaust her administrative remedies, but instead of submitting the additional records, she filed suit. As a result, Defendant did not have all the medical information, and, without adequate information, a fair review is not possible.

The Eighth Circuit Court of Appeals has held that the core requirements of full and fair review include knowing what evidence was relied on, having an opportunity to address the

---

[12] *Conley v. Pitney Bowes*, 34 F.3d 714, 716 (8th Cir. 1994).

[13] *Kinkead v. Southwestern Bell Corp. Sickness & Accident Disability Benefit Plan*, 111 F.3d 67, 68 (8th Cir. 1997).

[14] *Conley*, 34 F.3d at 717-18.

[15] 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1(f) and (g) (statutory and regulatory requirements that plan participants be given adequate notice setting out the reasons for a denial of their claim, and providing a reasonable opportunity for a full and fair review).

[16] *Wert v. Liberty Life Assurance Co. of Boston, Inc.*, 447 F.3d 1060, 1063 (8th Cir. 2006).

accuracy and reliability of that evidence, and having the evidence presented by both parties considered before a final decision is made.[17]

Full and fair review includes the right to review all documents, records, and other information relevant to the benefit claim, and an appeal that should take into account all comments, documents, records, and other information submitted by the claimant.[18]  The extent of a Plaintiff's disability should be determined after all disabling conditions are considered and evaluated.[19]  If a court finds that a full review has not been made, the best remedy is a remand.[20]

Plaintiff did not give Defendant the opportunity to make a full review.  Because of this, Defendant asks that the case be dismissed without prejudice.  However, the most appropriate and judicially efficient way to cure these deficiencies is by holding this matter in abeyance and remanding it for further investigation.

Defendant's Alternative Motion to Stay for an Administrative Remand (Doc. No. 4) is GRANTED.  The parties are instructed to cooperate to ensure a full and fair review.  Plaintiff must submit additional medical records for consideration within thirty days of this Order's date. Defendant is directed to reopen the administrative record, consider additional records, and issue a final determination forty-five days after receiving the new information.  An ERISA scheduling order will be issued ninety days after this Order's date.

---

[17]*Abram v. Cargill, Inc.*, 395 F.3d 882, 886 (8th Cir. 2005).

[18] 29 C.F.R. § 2560.503-1(h).

[19]*Fletcher-Merrit v. NorAm Energy Corp.*, 250 F.3d 1174, 1177, 1179-80 (8th Cir. 2001) (evidence that the claimant might have a disabling psychological condition should be considered even though claim was based on breast cancer and arthritis).

[20]*Abram*, 395 F.3d at 887.

IT IS SO ORDERED this 15th day of October, 2007.

                                                          /s/Wm. R. Wilson, Jr.
                                      UNITED STATES DISTRICT JUDGE